UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RAYMOND HAROLD KIMBLE, III | CIVIL ACTION |
| VERSUS | NO. 21-409 |
| PARISH OF JEFFERSON, ET AL. | SECTION "A" (2) |

**O R D E R**

Defendant Richard M. Tompson filed a "Motion to Stay Discovery, Disclosures or Requests for Information and/or Documents; Alternatively, to Extend Time for Responding to Plaintiff's Discovery" (ECF No. 62).  In the motion, Tompson requests that all discovery, disclosures, or other requests for information and/or documents directed to him from plaintiff Raymond Harold Kimble, III, be stayed pending the Court's ruling on his Motion to Dismiss (ECF No. 35).  Movant asserts that the Court's ruling will obviate the need for discovery.  Alternatively, Tompson requests an extension of thirty days to respond to discovery.

Tompson's motion references Kimble's "Request for Production of Documents" (ECF No. 40) for the court to order multiple defendants, including Tompson, to provide contact information for certain named defendants upon whom service could not be executed.  Kimble later filed a similar motion for the Court to issue subpoenas duces tecum (Rec. Doc. No. 66) to two defendants, other than Tompson, to obtain other information needed for Kimble to complete service.  While neither of Kimble's pleadings complies with Rules 34 and/or 45 of the Federal Rules of Civil

Procedure,[1] the court recognizes his effort to propound discovery to defendants for the limited purpose of obtaining information he seeks to effect service on certain remaining defendants for whom initial service was unsuccessful.

Initially, the court also has not completed its frivolousness review of the claims presented by Kimble except to address those defendants who enjoyed absolute immunity. "The district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts."[2]  Thus, until completion of the Court's frivolousness review and/or resolution of the pending motions to dismiss, discovery is premature at this stage of proceedings.[3]

Further, the court has before it a number of FED. R. CIV. P. 12(b) motions to dismiss filed by defendants, in addition to Tompson, seeking dismissal of Kimble's claims against them for a myriad of reasons. "The district court has 'broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.'"[4]  "For example, under Federal Rule of Civil Procedure 26(c), the court may stay discovery for 'good cause,' such as a finding that further discovery will impose undue burden or expense without aiding the resolution of the dispositive motions."[5]  In this case, good cause exists to stay discovery even for Kimble's requests focused on service information.

---

[1] *Maloney v. State Farm Fire & Casualty, Co.*, No. 06-9183, 2008 WL 1850774, at * 2 (E.D. La. Feb. 20, 2015) (citing *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)) (*pro se* litigants are not exempt from complying with the procedural and substantive rules of law).
[2] *See Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995); *see also* Fed. R. Civ. P. 26(d)
[3] This *pro se* prisoner case is exempt from initial disclosures under Fed. R. Civ. Proc. 26(a)(B)(iv).
[4] *Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011) (quoting *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)).
[5] *Id*. (citing *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 435-36 (5th Cir. 1990).

Should Kimble's claims survive these initial proceedings, the court will revisit the stay on discovery and specifically, the need to obtain information to serve any remaining defendants. At this time, however, the Court does not require that the remaining defendants be served to complete the preliminary proceedings already pending. Accordingly,

**IT IS ORDERED** that Tompson's "Motion to Stay Discovery, Disclosures or Requests for Information and/or Documents; Alternatively, to Extend Time for Responding to Plaintiff's Discovery" (ECF No. 62) (ECF No. 39) is **GRANTED** and *all* pretrial discovery in this matter is **STAYED** pending resolution of the court's statutory frivolousness review and defendants' motions to dismiss.

**IT IS FURTHER ORDERED** that Kimble's Request for Production of Documents (ECF No. 40) and Request for Issuance of Subpoenas Duces Tecum (ECF No. 66) are **DENIED WITHOUT PREJUDICE** pending completion of the Court's statutorily mandated review.

**IT IS FURTHER ORDERED** that issuance of additional summons and service on any unserved defendants is **STAYED** at this time.

New Orleans, Louisiana, this  9th  day of August, 2021.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE