UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

RAYMOND HAROLD KIMBLE, III                    CIVIL ACTION

VERSUS                                        NO. 21-409

PARISH OF JEFFERSON, ET AL.                   SECTION "A" (2)

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), including statutory frivolousness review under 28 U.S.C. § 1915, and § 1915A, and as applicable, 42 U.S.C. § 1997e(c)(1) and (2).  In a prior Report and Recommendation, I addressed certain claims against some of the defendants.[1]  Continuing that review of the record, I have now determined that the following additional matters can be resolved without a hearing.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Raymond Harold Kimble, III, is a pretrial detainee housed in the Jefferson Parish Correctional Center ("JPCC").  ECF No. 1, at 2.  Kimble filed this *pro se* and *in forma pauperis* complaint under 42 U.S.C. § 1983 against more than three dozen defendants asserting an array of alleged constitutional violations arising from the conditions of his confinement in JPCC and his arrests, detention, and pending state criminal proceedings in Baton Rouge and Jefferson Parish.

### A.    Prior Rulings

The April 8, 2021, Report and Recommendation addressed Kimble's claims against non-juridical entities and several state and judicial officers with absolute immunity.  ECF No. 5.  On

---

[1] ECF No. 5; *see also* ECF No. 87 (Order adopting R&R).

September 17, 2021, the District Judge adopted my Report and Recommendation and dismissed Kimble's claims as to (1) the State of Louisiana, (2) the Louisiana Public Defender Board, (3) Chief Judge Ellen Shiver Kovach, (4) the Chief Justice of the Louisiana Supreme Court, (5) Judge Raymond S. Steib, Jr., (6) the Jefferson Parish Sheriff's Office, (7) the 24th Judicial Public Defender's Office, and (8) the 24th Judicial District Attorney's Office.  ECF No. 87.

This Report completes the statutory frivolousness review under 28 U.S.C. § 1915, § 1997A as to several claims against the remaining defendants.  It also addresses several of the defendants' pending Rule 12 motions seeking dismissal of the Kimble's claims against them as well as Kimble's Motion to Stay (ECF No. 56) certain claims in light of his pending criminal proceedings in Jefferson Parish and East Baton Rouge Parish.  The motions addressed herein are:[2]

(1)     Motion to Dismiss (ECF No. 19), filed by defendant Lindsay Truhe, Jefferson Parish Assistant District Attorney, seeking dismissal of Kimble's complaint as frivolous and based on prosecutorial immunity, qualified immunity, and the *Heck* doctrine.  Kimble filed a memorandum in opposition (ECF No. 54).

(2)     Motion to Dismiss for Lack of Subject Matter Jurisdiction; Alternatively, for Abstention; and Alternatively, for Failure to State a Claim (ECF No. 35), filed by defendant Richard Thompson, in his official and individual capacities.  Kimble filed a memorandum in opposition (ECF No. 65);

(3)     Motion to Dismiss (ECF No. 67) filed by defendants East Baton Rouge Parish, Baton Rouge Police Department ("BRPD"), BRPD Detectives Adam Lea, Danny Forbes, and Michael Blondeau, and former BRPD Detective Adam Alford[3] (collectively, "the Baton Rouge defendants") seeking dismissal of Kimble's claims or alternatively abstention pending

---

[2] The other pending motions from Kimble and other defendants will be addressed in due course by separate reports and/or orders.

[3] Counsel for these defendants indicates that Adam Alford, though not properly served, has waived formal service of process.  ECF No. 67, n.2, at 1.

his related state criminal proceedings.[4]  Kimble filed a memorandum in opposition (ECF No. 85); and

(4)    Kimble's Motion to Stay (ECF No. 96) seeking to stay his claims one, two, three, four, and ten under the doctrine of *Heck v. Humphrey*, 512 U.S. 417 (1994).

Two other pending Rule 12 motions will be addressed in subsequent Reports.[5]

### B.    Factual Allegations in the Complaint (ECF No. 1)

The facts relevant to the claims being addressed in this frivolousness review and the listed motions are summarized herein.

#### 1.    Claim One: Speedy Trial Violations (ECF No. 1, at 6-9)

Kimble alleges in claim one that his due process and speedy trial rights are being violated through the 24th Judicial District Court's judicial officers' continuing court orders prohibiting jury trials, including his criminal trial, due to the COVID-19 pandemic.  He also claims that, beginning December 3, 2019, he has filed multiple speedy trial motions to no avail.  He further alleges that his criminal trial was set in Jefferson Parish on December 14, 2020, moved to January 25, 2021, and then suspended without date following additional COVID-19 restrictions.  ECF No. 1,  at 7-8.

Kimble asserts that, since March 16, 2020, defendants have known about the pandemic and have not taken any measures to ensure that he receives due process and a timely trial.  He also contends that the defendants had the authority and means to reconfigure the Jefferson Parish

---

[4] Defendants have urged this motion on behalf of the City of Baton Rouge, which is ***not*** a defendant in this case.  As briefly discussed later, while the City of Baton Rouge is named in Kimble's complaint pending in the United States District Court for the Middle District of Louisiana, it is not named in this case.

[5] CorrectHealth Jefferson, LLC's Motion to Dismiss Claims as Frivolous and for Failure to State a Claim (ECF No. 42), and Jefferson Parish's Motion to Dismiss (ECF No. 96) will remain.  Kimble also has several motions pending for which I will issue orders in due course: (1) Motion to Supplement Claim VIII of Complaint (ECF No. 77); Motion to Supplement Claim V of Complaint (ECF No. 78); Motion for Leave to File an Amended Complaint -XI (ECF No. 99); Motion for Temporary Restraining Order (ECF No. 100); and Motion to Appoint Counsel.

courthouse to accommodate jury trials during the pandemic.  *Id*. at 8.  He seeks a declaratory judgment recognizing a violation of his constitutional rights, injunctive relief preventing defendants from continuing to violate his rights, and monetary relief of $250,000 in compensatory damages and $750,000 in punitive damages.  *Id*. at 8-9.  The only remaining defendant listed under this claim is Jefferson Parish.

### 2.  Claim Two: Ineffective Assistance of Counsel (ECF No. 1, at 9-11)

Kimble's second claim alleges that that he has been denied effective legal representation because his appointed counsel failed to protect his speedy trial rights.  *Id*. at 9.  He alleges that defendant Richard Thompson, the head Jefferson Parish public defender, is not taking suitable measures to protect the public defender's office's clients.  He urges that his appointed counsel, defendant Daniel J. Schilling, has not provided effective assistance of counsel, which has resulted in violations of his rights to a speedy trial, due process, and equal protection.

Kimble claims that Schilling requested continuances of trial dates set in August and October of 2020, and allowed the rescheduled trial dates to be suspended by the state trial court.  *Id*. at 10.  He also claims that Thompson would not allow Schilling to visit Kimble in person or allow Schilling and other public defenders into the courthouse, although private attorneys were allowed in the building.  He claims that Thompson should have allowed indigent defenders back in the courthouse or hired private counsel for the indigent clients.  He also alleges that he wrote to Thompson, Schilling, and the Louisiana Indigent Defender Board about his concerns numerous times to no avail.

Kimble seeks a declaratory judgment regarding these rights, injunctive relief to end the violation of his rights, $250,000 as compensatory damages, and $500,000 as punitive damages. *Id*. at 10-11.  Thompson and Schilling remain as listed defendants for this claim.

### 3. Claim Three: Excessive Bail (ECF No. 1, at 11-13)

Kimble alleges that he was falsely arrested in Jefferson Parish between April and August of 2016 on fourteen counts of burglary and one count of aggravated flight from an officer.  *Id*. at 12.  He alleges that he has remained in custody since his arrest in April of 2016 and his bail amount has remained the same.  He asserts that, despite his numerous motions between 2016 and 2020, he has been denied a speedy trial and a reduction of his excessive bail, set at $530,000.  He asserts that defendant Jefferson Parish and the Jefferson Parish District Attorney[6] (and other previously dismissed defendants) played a role in his excessively high bail to keep him in jail without a trial.

As relief, Kimble seeks declaratory judgment, daily compensatory damages of $300 for each day he remains in jail, and $750 per day he remains in jail as punitive damages. *Id*. at 12-13.

### 4. Claim Four: Breach of Attorney/Client Privilege and Ineffective Assistance of Counsel (ECF No. 1, at 13-15)

Kimble asserts that he has been denied effective assistance of counsel by remaining defendants Jefferson Parish, Schilling, Thompson, and Assistant District Attorney Truhe.  *Id*. at 13.  Kimble alleges that on July 30, 2020,[7] he attended a court session by Zoom video conference.  Kimble claims that Schilling asked to speak with him in a "breakout room" to protect attorney/client privilege.  *Id*.  Kimble asserts that, when he and his counsel returned to the full Zoom hearing, it appeared to him that Assistant District Attorney Truhe had been listening to his

---

[6] The Jefferson Parish District Attorney is not a named defendant.
[7] Plaintiff's pleading indicates July 30, 2021, but that date had not arrived when Kimble filed his complaint. I will assume he intends to reference past proceedings on July 30, 2020.

private conversation with counsel. Kimble claims that Schilling must have allowed Truhe to listen in on the private conversation and may have communicated with her during the private conversation. *Id*. at 14. He claims that this was a breach of the attorney/client privilege and ineffective assistance of counsel that could prejudice the rest of his criminal process.

As relief, Kimble seeks declaratory judgment, injunctive relief, $250,000 as compensatory damages, and $750,000 as punitive damages. *Id*. at 14-15.

### 5. Claim Six: PREA Violation/Sexual Assault and Retaliation (ECF No. 1, at 17-18)

Kimble sues defendants Jefferson Parish, Deputy Chief Monfra, Sheriff Lopinto, Deputy S. Hayes, and Deputy Thompson, for an alleged PREA violation or sexual assault at the Jefferson Parish Prison. *Id*. at 17. Kimble alleges that on March 5, 2020, while preparing for his shower, Deputy Hayes approached and repeatedly asked that Kimble let him see Kimble's penis. *Id*. at 17. Kimble claims that prison rules required him to obey direct orders, no matter how offensive, so he eventually showed Hayes his penis while still in the shower. He claims that Deputy Hayes committed other sexual acts with other inmates which led to Hayes's arrest. He further contends that the incident in the shower has caused him severe emotional distress and mental injury. *Id*. at 17-18. He claims that he filed a grievance complaint at the prison on March 9, 2020, and it was found to have merit. *Id*. at 18.

Kimble also alleges that, on March 11, 2020, after the PREA incident, Deputy Thompson escorted him to administrative segregation to get him off of the tier. *Id*. at 18. He claims that Deputy Thompson refused to get him a cart to move his two large boxes of legal records. Kimble alleges that he moved the two boxes one at a time into the hallway where Deputy Thompson placed him in restraints. Deputy Thompson then ordered Kimble to pick-up the boxes, which he alleges

weighed 80 pounds, but Kimble was unable to do so. Kimble claims that Deputy Thompson ordered him to hold out his arms and threw the boxes onto Kimble's outstretched arms for Kimble to carry. Kimble also alleges that he asked Deputy Thompson why the deputy was doing this, and Deputy Thompson allegedly responded that he had a problem with Kimble reporting the PREA violation. *Id*. Kimble claims that he told Deputy Thompson that the boxes were hurting his back, but the deputy told him that if he left the boxes, he would never get them back. Kimble asserts that Deputy Thompson continued to deny his requests for help, so he carried the boxes in pain. *Id*. at 19. He alleges that, when they exited the elevator, he dropped the boxes. Deputy Thompson took off the handcuffs, after which Kimble carried the boxes one at a time to the cell.

Kimble alleges that he filed multiple sick call requests about his continued back stiffness and pain sustained when carrying the boxes. *Id*. He asserts that, on March 15, 2020, he filed a grievance complaint about the incident with Deputy Thompson, which was determined to be "founded" on May 4, 2020. *Id*. at 19-20. Kimble did not believe his complaint was fully investigated but his second grievance was returned because the first one was "founded." *Id*.

Kimble seeks declaratory judgment and injunctive relief to prevent further violations. *Id*. He also seeks $25,000 as compensatory damages and $150,000 as punitive damages for the PREA incident with Deputy Hayes. *Id*. He seeks $250,000 as compensatory damages and $150,000 as punitive damages for the deliberate indifference of Deputy Thompson. *Id*. In addition, he requests $250,000 as compensatory damages and $1 million as punitive damages against Jefferson Parish, Chief Monfra, and Sheriff Lopinto in connection with these claims. *Id*. at 20-21.

### 6. Claim Ten: False Arrest, False Imprisonment, Malicious Prosecution Claims (ECF. No. 1, at 31-34)

Kimble alleges that the law library at the JPCC is inadequate, resulting in him missing the deadline to file false arrest, false imprisonment and malicious prosecution claims relating to his arrest and subsequent charges against the Jefferson Parish detectives and Baton Rouge defendants. *Id.* at 31. Kimble complains that the law library personnel at JPCC did not assist him with his civil matters and instead advised him that the library is only available to assist inmates with criminal matters. He claims that the failure to assist him caused him to miss the prescriptive period for filing a false arrest/false imprisonment claim against the arresting officers and agencies they represent. *Id.* at 31-33.

He identifies Jefferson Parish, Jefferson Parish Sheriff Joseph P. Lopinto, III, Jefferson Parish Sheriff's Office Chief Sue Ellen Monfra, the JPCC law library administrator, JPSO Detectives David DeRoche and Darren Parent, East Baton Rouge Parish, the Baton Rouge Police Department, the Chief of the Baton Rouge Police Department, and Baton Rouge Detectives Adam Lea, Adam Alford, Danny Forbes, and Michael Blondeau as defendants to this claim. *Id.* at 31.

In an attempt to establish that he would have had non-frivolous claims to pursue against the Baton Rouge defendants, Kimble outlines incidents between April 15, 2016, and August 8, 2016, that led to his arrests by JPSO and Baton Rouge officers for crimes he claims he did not commit. *Id.* at 32-34. Kimble avers that his claims against the arresting officers were not frivolous, and he would have obtained relief from the courts had he received adequate library assistance in JPCC. He also alleges that he has had a psychological burden and been denied his freedom for five years. *Id.* at 34.

As relief for the allegedly inadequate library and denial of assistance, he seeks a declaratory judgment, injunctive relief, $5 million in compensatory damages, and $10 million in punitive damages. *Id.* at 34. He does not indicate what relief he seeks against the Baton Rouge defendants.

## II.    LEGAL STANDARDS

Initially, defendants' motions to dismiss conflate the standards for the court's statutory frivolousness review under 28 U.S.C. § 1915(e) and the standard under FED. R. CIV. PROC. 12(b)(6). As the Supreme Court has made clear, § 1915's frivolous standard is distinct from Rule 12(b)(6)'s failure to state a claim standard.[8] The Court has emphasized that § 1915(e)(2)(B)'s standard for dismissal is higher than Rule 12 because the plaintiff may not have the opportunity to respond meaningfully by opposing a motion to dismiss.[9] That said, a prisoner's complaint that fails to state a claim may be dismissed *sua sponte* at any time under either standard.[10]

A prisoner's *pro se* complaint must be screened by the court as soon as practicable after docketing.[11] The court may dismiss a claim *in forma pauperis* if satisfied that the action is frivolous, malicious,[12] and/or fails to state a claim.[13]

---

[8] *See Neitzke*, 490 U.S. at 326 ("the failure to state a claim standard of Rule 12(b)(6) and the frivolousness standard of § 1915(d) were devised to serve distinctive goals, and . . . while the overlap between these two standards is considerable, it does not follow that a complaint which falls afoul of the former standard will invariably fall afoul of the latter.")

[9] *Id.* at 329-30. ("To conflate the standards of frivolousness and failure to state a claim . . . would thus deny indigent plaintiffs the practical protections against unwarranted dismissal generally accorded paying plaintiffs under the Federal Rules."); *Alfred v. Corr. Corp. of Am.*, 437 F. App'x 281, 284 (5th Cir. 2011) ("That frivolousness in the § 1915(d) context refers to a more limited set of claims than does Rule 12(b)(6) accords, moreover, with the understanding articulated in other areas of law that not all unsuccessful claims are frivolous.") (citing *Neitzke*, 490 U.S. 328-30).

[10] 28 U.S.C. §§ 1915(e)(2) & 1915A; 42 U.S.C. § 1997e(c)(1).

[11] 28 U.S.C. § 1915A(a); *Martin v. Scott*, 156 F. 3d 578, 579-80 (5th Cir. 1998).

[12] *Moore v. McDonald*, 30 F. 3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended).

[13] 28 U.S.C. § 1915A(b)(1); *see also id.* §1915(e)(2)(B).

A.    **Statutorily Required Screening:  Frivolousness**

A complaint is frivolous "if it lacks an arguable basis in law or fact."[14]  The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'"[15]

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[16]  "'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'"[17]

A claim or complaint may be dismissed for failure to state a claim or as legally frivolous if it lacks an arguable basis in law[18] or "as factually frivolous only if the facts alleged are 'clearly baseless,' . . . [or] when the facts alleged rise to the level of the irrational or wholly incredible."[19] "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section 1915(d) standard is not."[20]

---

[14] *Davis v. Scott*, 157 F. 3d 1003, 1005 (5th Cir. 1998); *Reeves v. Collins*, 27 F. 3d 174, 176 (5th Cir. 1994).
[15] *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F. 3d 94, 97 (5th Cir. 1994) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).
[16] *In re Katrina Canal Breaches Litigation*, 495 F. 3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation omitted).
[17] *Davis*, 157 F. 3d at 1005 (quoting *McCormick v. Stalder*, 105 F. 3d 1059, 1061 (5th Cir. 1997)).
[18] *Jackson v. Vannoy*, 49 F. 3d 175, 176–77 (5th Cir. 1995); *Moore v. Mabus*, 976 F. 2d 268, 269 (5th Cir. 1992)
[19] *Moore*, 976 F. 2d at 270.
[20] *Id.* at 269.

## B.  Statutorily Mandated Review:  Maliciousness

Pursuant to § 1915(e) and § 1915A, a court also may dismiss a prisoner's complaint as malicious when it "seek[s] to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the [prisoner]."[21]  Thus, a duplicative case is malicious "if it involves 'the same series of events' and allegations of 'many of the same facts as an earlier suit.'"[22]

The Fifth Circuit has long held that filing a successive civil action that duplicates claims in a previous lawsuit qualifies as malicious under the screening statute.[23]  That the prior cases may have involved different defendants does not affect the maliciousness of a successive action.[24]  Likewise, the assertion of a new claim in a successive complaint that arises from the same allegations of a prior complaint is also considered a malicious.[25]  Moreover, "it is malicious for a pauper to file a lawsuit that duplicates allegations of another *pending* federal lawsuit by the same plaintiff."[26]  District courts are "'vested with especially broad discretion' in determining whether such a dismissal is warranted."[27]

---

[21] *Wilson v. Lynaugh*, 878 F. 2d 846, 850 (5th Cir. 1989).

[22] *Lewis v. Sec'y of Pub. Safety & Corr.*, 508 F. App'x 341, 344 (5th Cir. 2013) (quoting *Bailey*, 846 F. 2d at 1021).

[23] *See Bailey v. Johnson*, 846 F. 2d 1019, 1021 (5th Cir. 1988).

[24] *See id*.

[25] *See Potts v. Texas*, 354 F. App'x 70, 71 (5th Cir. 2009).

[26] *Pittman v. Moore*, 980 F. 2d 994, 995 (5th Cir. 1993) (emphasis added) (internal quotation marks omitted); *see Lewis*, 508 F. App'x at 344; *Bailey*, 846 F. 2d at 1021 ("[A]n IFP complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under . . . section 1915(d).").

[27] *Bailey*, 846 F. 2d at 1021.

### 3.      <u>Statutorily Mandated Review and Rule 12:  Failure to State a Claim</u>

The Supreme Court clarified the standard for a Rule 12(b) motion in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  To avoid dismissal, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face (i.e., the factual allegations must "be enough to raise a right to relief above the speculative level").[28]  It is not enough to allege facts consistent with a claim because the allegations must move past possibility and to plausibility of "entitlement to relief."[29]  If the "facts" alleged are "merely consistent" with those minimally required to establish liability, the complaint "stops short of the line between possibility and plausibility."[30]

Although the court must accept all well-pleaded facts as true and consider the complaint in the light most favorable to the plaintiff, the court should not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."[31]  The court may consider not only the allegations but also any documents attached to the complaint, referenced documents that are central to the claim, and documents that are part of the public record or subject to judicial notice.[32]

---

[28] *Twombly*, 550 U.S. at 555.

[29] *Id*. at 557-58; *Iqbal*, 556 U.S. at 678.

[30] *Iqbal*, 556 U.S. at 678.

[31] *Ferrer v. Chevron Corp.*, 484 F. 3d 776, 780 (5th Cir. 2007) (quotation omitted); *Gentilello v. Rege*, 627 F. 3d 540, 544 (5th Cir. 2010) (same) (citations omitted); *see also SGK Props., L.L.C. v. U.S. Bank Natl. Assn. for Lehman Bros. Small Balance Commercial Mortg. Pass-Through Certificates, Series 2007-3*, 881 F. 3d 933, 944–45 (5th Cir. 2018) (conclusory fraud allegations that the defendant intended plaintiff to act upon representations and plaintiff acted in reliance on representations insufficient to withstand Rule 12(b)(6) challenge).

[32] *See, e.g.*, *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *Wolcott v. Sebelius*, 635 F. 3d 757, 763 (5th Cir. 2011) (court may consider complaint, its proper attachments, documents incorporated by reference, and matters of judicial notice).

When an allegation is contradicted by the contents of an attached exhibit, the exhibit (not the allegation) controls.[33]

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff a chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice, unless it is clear that to do so would be futile.[34]  A court in its discretion may deny a motion to amend for futility if the amended complaint would fail to state a claim upon which relief could be granted.[35]  The decision to grant or deny leave to amend "is entrusted to the sound discretion of the district court."[36]

## III.    LAW AND ANALYSIS

### A.    Required Elements of a § 1983 Claim

Section 1983 creates a damages remedy for the violation of federal constitutional or statutory rights under color of state law:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any . . . person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .[37]

"The purpose of § 1983 is to deter state actors from using their badge of authority to deprive individuals of federally guaranteed rights and to provide relief to victims if such deterrence fails."[38]

---

[33] *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F. 3d 370, 377 (5th Cir. 2004) (citation omitted).

[34] *See Carroll v. Fort James Corp.*, 470 F. 3d 1171, 1175 (5th Cir. 2006) (Rule 15(a) "evinces a bias in favor of granting leave to amend"); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F. 3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.").

[35] *Villarreal v. Wells Fargo Bank, N.A.*, 814 F. 3d 763, 766 (5th Cir. 2016).

[36] *Pervasive Software Inc. v. Lexware GMBH & Co.*, 688 F. 3d 214, 232 (5th Cir. 2012).

[37] 42 U.S.C. § 1983.

[38] *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citing *Carey v. Piphus*, 435 U.S. 247, 254-57 (1978)).

A plaintiff must satisfy three elements to establish § 1983 liability:

(1)    deprivation of a right secured by the U.S. Constitution or federal law;
(2)    that occurred under color of state law; and
(3)    was caused by a state actor.[39]

Because § 1983 merely provides a remedy for designated rights, rather than creating any substantive rights, "an underlying constitutional or statutory violation is a predicate to liability."[40] This requires the plaintiff to identify both the constitutional violation and the responsible person acting under color of state law.[41] "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"[42]

### B.    Malicious Claims (Claims One, Six (in part), and Ten (in part))

When Kimble submitted his complaint, he included an application to proceed as a pauper. ECF No. 2. As part of its evaluation of a prisoner's *in forma pauperis* application under 28 U.S.C. § 1915(a), the court researched whether Kimble had been restricted from filing as a pauper under 28 U.S.C. § 1915(g), *i.e.* the PLRA's "three strikes" rule. The court determined that he has not been so barred,[43] but it determined that Kimble had a case pending in the United States District Court for the Middle District of Louisiana ("MDLA") against many of the same defendants named in the instant case. In fact, in MDLA Civil Action No. 20-0708, Kimble asserted the same or

---

[39] *Victoria W. v. Larpenter*, 369 F. 3d 475, 482 (5th Cir. 2004).

[40] *Harrington v. Harris*, 118 F. 3d 359, 365 (5th Cir. 1997) (citation omitted).

[41] *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978).

[42] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)); *Thibodeaux v. Bordelon*, 740 F. 2d 329, 333 (5th Cir. 1984).

[43] One of Kimble's prior dismissals was a partial dismiss as frivolous and partial dismissal under FED. R. CIV. PROC. 41(a). The United States Fifth Circuit has made clear that a strike issues only when the **entire** case is dismissed for being frivolous, malicious, or failing to state a claim. *Brown v. Megg*, 857 F. 3d 287, 290 (5th Cir. 2017).

14

similar claims against the Baton Rouge defendants and a number of Jefferson Parish detectives and prison officials named in this current complaint.

Specifically, the MDLA's record reflects that Kimble filed MDLA No. 20-0708 against numerous defendants, including Baton Rouge Detectives Forbes, Alford, Blondeau, and Lea (also spelled Lee), Jefferson Parish Detectives DeRoche and Parent, Jefferson Parish, the Baton Rouge Police Department, the East Baton Rouge Parish Sheriff's Office, and East Baton Rouge Parish. *See* MDLA No. 20-0708, ECF No. 1 (Complaint); *id.*, ECF No. 8 (Court Order); *id.*, ECF No. 10 (Amended Complaint). As to these defendants, and others not listed here, Kimble asserted claims of false arrest, false imprisonment, and malicious prosecution based on events occurring between April of 2016 and October of 2019. *Id.*, ECF No. 1; *id.*, ECF No. 8. In his MDLA case, Kimble also asserted claims of sexual assault (PREA violation) and retaliation against defendants Jefferson Parish Deputies Hayes and Thompson, Jefferson Parish Chief Deputy Monfra, Jefferson Parish Sheriff Lopinto, and the Jefferson Parish Sheriff's Office. *Id.*, ECF No. 1; *id.*, ECF No. 8.

On February 5, 2021, the MDLA judge severed "into a separate case" Kimble's claims of sexual assault (PREA violation) and retaliation against defendants Hayes, Thompson, Monfra, Lopinto, and the Jefferson Parish Sheriff's Office and ordered Kimble to file a new complaint against these defendants. *Id.*, ECF No. 8 at 3. The MDLA's records contain no separate case for Kimble with the severed claims, and that court has not dismissed Kimble's severed claims. Nevertheless, Kimble soon thereafter filed this complaint in this court, which includes the sexual assault (PREA violation) and retaliation claims against many of the same defendants (and other defendants named in this suit).

The MDLA also ordered Kimble to file an amended complaint against defendants Forbes, Alford, Blondeau, Lea, DeRoche, Parent, the Baton Rouge Police Department, the East Baton Rouge Parish Sheriff's Office, and the Parish of East Baton Rouge, and other defendants not listed here, related to his claims of false arrest, false imprisonment, and malicious prosecution. *Id.* Kimble complied with the latter order on February 24, 2021. *Id.*, ECF No. 10. At this time, the matter remains pending before the MDLA.

Kimble's current case in this court is without doubt duplicitous of the civil action pending before the MDLA, specifically as to the claims of false arrest, false imprisonment, and malicious prosecution asserted defendants Forbes, Alford, Blondeau, Lea, DeRoche, Parent, Jefferson Parish, the Baton Rouge Police Department, the East Baton Rouge Parish Sheriff's Office, and East Baton Rouge Parish. Although the MDLA ordered severance of Kimble's claims sexual assault (PREA violation) and retaliation claims against defendants Hayes, Thompson, Monfra, Lopinto, and the Jefferson Parish Sheriff's Office, that court has not dismissed or otherwise disposed of those claims. Thus, both this case and the MDLA case involve "the same series of events" and allegations of "many of the same facts."[44] The pending MDLA case may include additional defendants in connection with some of the claims, but Kimble's complaint in this court is malicious as to the listed defendants and claims.[45]

As Kimble's claims of false arrest, false imprisonment, and malicious prosecution against defendants Forbes, Alford, Blondeau, Lea, DeRoche, Parent, Jefferson Parish, the Baton Rouge Police Department, the East Baton Rouge Parish Sheriff's Office, and East Baton Rouge Parish, and Kimble's claims sexual assault (PREA violation) and retaliation against defendants Hayes,

---

[44] *Bailey*, 846 F. 2d at 1021.
[45] *Id.*; *Pittman*, 980 F. 2d at 995.

Thompson, Monfra, Lopinto, and the Jefferson Parish Sheriff's Office are malicious and duplicitous of matters pending in the prior filed MDLA case, those claims should be dismissed pursuant to 28 U.S.C. § 1915(e) and § 1915A. In light of this recommendation, the Baton Rouge defendants' motion to dismiss (ECF No. 67) should be dismissed as moot.

That portion of Kimble's claim six related to delayed or inadequate medical care as asserted against CorrectHealth, two Jane Doe medical administrators, Jefferson Parish, Chief Monfra, and Sheriff Lopinto, are not at issues in the MDLA proceeding and should remain before the court for further proceedings. Similarly, Kimble's claims of denial of access to the courts/inadequate law library asserted against Jefferson Parish, Sheriff Lopinto, Chief Monfra, and the JPCC library administrator in claim ten are not at issue in the MDLA proceeding and should remain before the court for further proceedings.

### C.    Denial of Speedy Trial, Excessive Bail, Ineffective Assistance of Counsel (Claims One, Two, Three, and Four)

Kimble claims that he has been denied a speedy trial and subjected to excessive bail by remaining defendant Jefferson Parish. As discussed above, he also has asserted claims of ineffective assistance of counsel against public defenders Thompson and Schilling and Assistant District Attorney Truhe. As relief related to these claims, Kimble seeks monetary damages, declaratory judgment, and injunctive relief ordering defendants to cease unconstitutional acts related to his detention and prosecution. ECF No. 1, at 8.

#### 1.    Habeas v. Monetary Relief Sought

The Fifth Circuit has made clear that, "regardless of the relief sought," success on claims of speedy trial violations, ineffective assistance of counsel, and other due process violations "would necessarily imply the unlawfulness" of a petitioner's criminal conviction and detention,

17

and the claims are strictly habeas in nature.[46]  Thus, claims that a pretrial detainee has been denied

a speedy trial or held by excessive bail are constitutional matters that effect "the fact or duration

of confinement" and are properly brought in habeas petitions," not in § 1983 complaints.[47]

Furthermore, when a detainee like Kimble seeks "to enforce the state's obligation to bring him

promptly to trial," that relief is available only through habeas corpus proceedings.[48]

In this case, Kimble seeks both monetary damages and injunctive relief that is habeas in

nature.  He therefore seeks "two forms of relief that cannot be obtained in the same suit."[49]  When

a prisoner brings both "habeas and § 1983 claims," the district court is required to separately decide

the § 1983 claims.[50]  The plaintiff then must pursue claims that would impact the speed or outcome

of his trial or release initially through a separate habeas corpus proceeding.[51]  Kimble has not

indicated that he has pursued his habeas related claims of excessive bail, denial of a speedy trial,

and effective assistance of counsel in the state courts before attempting to bring the claims in this

court.[52]  He will have to do so before he files for federal habeas relief.

---

[46] *Mount v. Wakefield*, 738 F. App'x 280 (5th Cir. 2018).

[47] *See Schipke v. Van Buren*, 239 F. App'x 85, 85-86 (5th Cir. 2007) ("allegations that challenge the fact or duration of confinement are properly brought in habeas petitions, while allegations that challenge rules, customs, and procedures affecting conditions of confinement are properly brought in civil rights actions").

[48] *Brown v. Estelle*, 530 F. 2d 1280, 1280, 1283 (5th Cir. 1976) (quoting *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 490 (1973)); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (when a prisoner challenges the length or validity of his confinement, his sole federal remedy is a writ of habeas corpus).

[49] *Reed v. Thaler*, No. 11-0093, 2011 WL 3924171, at *2 (N.D. Tex. Aug. 15, 2011) (citing *Serio v. Members of La. St. Bd. of Pardons*, 821 F. 2d 1112, 1119 (5th Cir. 1987)), *report and recommendation adopted*, 2011 WL 3927746, at *1 (N.D. Tex. Sept. 7, 2011).

[50] *Patton v. Jefferson Corr. Ctr.*, 136 F. 3d 458, 463-64 (5th Cir. 1998) (quoting *Orellana v. Kyle*, 65 F. 3d 29, 31 (5th Cir. 1995)).

[51] *Serio*, 821 F. 2d at 1119.

[52] "A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief."  *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)); accord *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Nobles v. Johnson*, 127 F.3d 409, 419 (5th Cir. 1997).

2.      The *Heck* Doctrine

As to Kimble's current claims seeking relief under § 1983 for ineffective assistance of counsel, excessive bail, and denial of speedy trial, his claims are subject to the bar announced by the Supreme Court in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  In *Heck*, the Supreme Court held that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."[53]  The Supreme Court has unequivocally stated that "a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."[54]  Therefore, the *Heck* analysis applies to a prisoner's claims, whether he seeks monetary, injunctive, or declaratory relief.[55]

With regard to pretrial detainees like Kimble, the Supreme Court has further explained that, if a plaintiff files civil rights claims related to the validity of a pending criminal proceeding, the

---

[53] *Id*. at 487.

[54] (emphasis in original) *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

[55] *See Edwards v. Balisok*, 520 U.S. at 648 (extending *Heck* to bar a prisoner's claim for money damages and declaratory relief challenging prison disciplinary sentence); *VanBuren v. Walker*, 841 F. App'x 715, 716 (5th Cir. 2021) (recognizing the *Heck* bar to "any injunctive relief" tied to petitioner's habeas claim brought under § 1983); *Ellis v. City of Dallas*, No. 17-3199, 2018 WL 5303299, at *2 (N.D. Tex. Sept. 21, 2018), *report and recommendation adopted*, 2018 WL 5299575, at *1 (N.D. Tex. Oct. 25, 2018) ("*Heck* applies to claims seeking declaratory and injunctive relief, as well as claims for damages.").

best practice is for the district court to stay the civil rights action until the pending criminal case is

resolved to determine the impact of the *Heck* limitations.[56]  The court in *Wallace* explained:

> If a plaintiff files a false arrest claim before he has been convicted (or files any
> other claim related to rulings that will likely be made in a pending or anticipated
> criminal trial), it is within the power of the district court, and in accord with
> common practice, to stay the civil action until the criminal case or the likelihood of
> a criminal case is ended.  If the plaintiff is ultimately convicted, and if the stayed
> civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the
> civil action will proceed, absent some other bar to suit.[57]

Kimble's claims of ineffective assistance of counsel, speedy trial, and excessive bail

impugn the legality of the criminal proceedings against him.  For example, if he is not receiving

adequate assistance of counsel, his proceedings are tainted.  If he has been held under excessive

bail or denied speedy trial, his indictment and detention could be dismissed or jeopardized.  As

Kimble's civil rights claims are interrelated with the pending state criminal proceedings, they are

subject to the *Heck* bar.

Because Kimble is a pretrial detainee, his claims would normally be stayed pending the

outcome of trial.  A stay under *Heck* is unnecessary in this case, however, because, as set forth in

Subsection 3 below, Kimble has not alleged claims against proper defendants for purposes of

liability under § 1983.  The Fifth Circuit requires a court to address dismissal of improperly named

defendants before application of the *Heck* doctrine.[58]  Thus, Kimble's claims against defendants

who are improper parties against whom § 1983 liability will not stand (as explained in subsection

---

[56] *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007); *see Mackey v. Dickson*, 47 F. 3d 744, 746 (5th Cir. 1995)
(finding stay of pretrial § 1983 challenges to be the best practice).
[57] *Wallace*, 549 U.S. at 393-94 (citations omitted).
[58] *See Busick v. City of Madison, Miss.*, 90 F. App'x 713, 714 (5th Cir. 2004) (recognizing that the district
court should consider grounds for dismissal other than *Heck*); *see also Boyd v. Biggers*, 31 F. 3d 279, 284
(5th Cir. 1994) (immunity must be considered as a threshold matter prior to applying *Heck*).

3 below) must be dismissed as a threshold matter without regard to the application of *Heck* or *Wallace*.

### 3.  Claims Against Assistant District Attorney Truhe (Claims Three and Four)

Kimble sued Assistant Jefferson Parish District Attorney Lindsay Truhe, in her official and individual capacities, because, he believes, on July 30, 2020, Truhe may have listened in on a private conversation he had with counsel through a Zoom breakout room.  Kimble claims that this breached his attorney/client privilege and may have prejudiced his criminal proceedings.  As relief under these claims, Kimble seeks monetary damages, injunctive relief "ordering defendants to cease this unconstitutional act," and specifically for count four, declaratory judgment that the defendants acts and omissions violated his constitutional rights.  ECF No. 1, at 13, 14.

### a.    Official Capacity

A claim against Truhe in her official capacity is suit against Jefferson Parish, the entity she represents.[59]  In that respect, "municipalities cannot be held liable for constitutional torts under § 1983 'on a respondeat superior theory,' but they can be held liable 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'"[60]  Thus, to state a non-frivolous claim against a district attorney in an official capacity, the plaintiff must establish that the named

---

[59] *Connick v. Thompson*, 563 U.S. 51, 59-60 (2011) (a district attorney in Louisiana is a Parish official and claims against Orleans Parish District Attorney in an official capacity are addressed under the standards of *Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978)); *Burge v. Par. of St. Tammany*, 187 F. 3d 452, 470 (5th Cir. 1999) ("For purposes of 'official capacity' suits under § 1983, the district attorney's office resembles other local government entities."); *see also Owen v. City of Independence*, 445 U.S. 622, 638 (1980) (refusing to apply immunities for personal liability to *Monell* claims against local governments because "there is no tradition of immunity for municipal corporations").

[60] *Burge*, 187 F. 3d at 470 (quoting *Monell*, 436 U.S. at 691).

defendant is a final Parish policymaker and identify a Parish policy or custom which allegedly caused the deprivation of his constitutional rights.[61]

In this case, Kimble has not alleged that Truhe is a final policymaker for the Parish or the District Attorney's Office, nor has he identified any Jefferson Parish policy involved that caused him constitutional injury during the alleged incident involving Truhe and his appointed counsel. He instead asserts that an alleged isolated incident occurred once during a Zoom hearing before the state trial court. He, therefore, has not asserted a *Monell* claim against Truhe and his claims against her in her official capacity are frivolous and otherwise fail to state a claim for which relief can be granted. The claims should be dismissed pursuant to 28 U.S.C. § 1915(e) and § 1915A.

> ### b.    Individual Capacity

In her individual capacity, Truhe enjoys absolute immunity from suit for monetary damages under § 1983 related to her role and actions as a prosecutor.[62] "A prosecutor enjoys absolute immunity from personal liability for damages under section 1983 for actions 'initiating a prosecution and . . . presenting the State's case' and those 'intimately associated with the judicial phase of the criminal process.'"[63] Furthermore, "[a] prosecutor's absolute immunity will not be stripped because of action that was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all

---

[61] *Rinker v. New Orleans Dist. Atty.*, No. 10-CV-0810, 2010 WL 2773236 at *4-5 (E.D. La. Jun. 15, 2010), *report and recommendation adopted*, 2010 WL 2773383, at *1 (E.D. La. Jul. 12, 2010) (citing *Murray v. Town of Mansura*, 76 F. App'x 547, 549 (5th Cir. 2003) and *Treece v. Louisiana*, 74 F. App'x 315, 316 (5th Cir. 2003)).

[62] *See Imbler v. Pachtman*, 424 U.S. 409 (1976); *Beard v. Wolf*, No. 13-4772, 2014 WL 3687236 at *2-3 (E.D. La. Jul. 22, 2014).

[63] *Esteves v. Brock*, 106 F. 3d 674, 676 (5th Cir. 1997) (quoting *Imbler*, 424 U.S. at 430-31); *Quinn v. Roach*, 326 F. App'x 280, 292 (5th Cir. 2009).

jurisdiction."[64]    The prosecutorial immunity also applies during "actions apart from the courtroom."[65]    Accusations of conspiracy with others also are insufficient to allege that the prosecutor acted outside of his or her prosecutorial role.[66]

In this case, Kimble alleges that while Truhe was acting as prosecutor during a state court sanctioned hearing on Zoom, she may have listened to Kimble's break-out room conversation with his counsel and discussed his case with his counsel.  Despite the sinister nature of the claim, even it proven true, Truhe is absolutely immune from acts that are taken while pursuing a criminal prosecution or those intimately associated with the judicial phase of the criminal process.[67]  For this reason, Kimble's claims for monetary damages against Truhe in her individual capacity are barred by prosecutorial immunity.  The claims against her for monetary relief should be dismissed as frivolous for being asserted against an immune defendant and for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915(e) and § 1915A.

c.    Injunctive and Declaratory Relief Against Truhe

While prosecutors enjoy absolute immunity from damages liability, they are not immune from § 1983 suits seeking injunctive relief.[68]  Kimble seeks injunctive relief against Truhe and others, including relief from his criminal prosecution.  A request that a federal district court

---

[64] *Kerr v. Lyford*, 171 F. 3d 330, 337 & n.10 (5th Cir. 1999), *abrogated in part on other grounds by Castellano v. Fragozo*, 352 F. 3d 939 (5th Cir. 2003); *Champluvier v. Couch*, 309 F. App'x 902, 903 (5th Cir. 2009).
[65] *Imbler*, 424 U.S. at 431 n.33.
[66] *Young v. Biggers*, 938 F. 2d 565, 569 (5th Cir. 1991).
[67] *Loupe v. O'Bannon*, 824 F. 3d 534, 539 (5th Cir. 2016).
[68] *Supreme Ct. v. Consumers Union of U.S., Inc.*, 446 U.S. 719, 736-37 (1980) (citing *Gerstein v. Pugh*, 420 U.S. 103 (1975)).

intervene or enjoin a state criminal prosecution or proceeding is prohibited by the Supreme Court's decision in *Younger v. Harris*, 401 U.S. 37, 40-41 (1971).[69]

In *Younger*, the United States Supreme Court held that federal courts must refrain from considering requests for injunctive or declaratory relief based upon constitutional challenges to on-going state criminal proceedings, as well as certain state civil proceedings, that are pending at the time the federal action is instituted.[70] This *Younger* abstention is compelled by deference to the principles of equity, comity, and federalism.[71] *Younger* abstention applies when three individual criteria are satisfied:

(1)    the dispute must involve an "ongoing state judicial proceeding;"
(2)    an important state interest in the subject matter of the proceeding must be implicated; and
(3)    the state proceedings must afford an adequate opportunity to raise constitutional challenges.[72]

If these requirements are met, an injunction of pending state court proceedings may issue only in the event that certain narrow exceptions to abstention apply.

Abstention under *Younger* is particularly appropriate when the federal plaintiff has an opportunity to seek vindication of his constitutional rights in the context of his defense to a criminal prosecution, since *Younger* "establishes a presumption that the federal courts should abstain in cases in which a state criminal proceeding is pending."[73] Federal courts should not, however, abstain from considering requests for injunctive relief  when, for example, "the state court

---

[69] *Ballard v. Wilson*, 856 F. 2d 1568, 1569-70 (5th Cir. 1988); *Price v. Porter*, 351 F. App'x 925, 927 (5th Cir. 2009).
[70] *Id.* at 40-41; *see also Samuels v. Mackell*, 401 U.S. 66 (1971) (same as to declaratory relief).
[71] *Wightman v. Texas Supreme Court*, 84 F. 3d 188, 189 (5th Cir. 1996).
[72] *Id.* (citing *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).
[73] *Id.* at 1176; *Younger*, 401 U.S. at 47.

24

proceeding is brought in bad faith or with the purpose of harassing the federal plaintiff."[74] Likewise, when on the rare occasion that extraordinary circumstances exist, the federal court may be permitted to retain jurisdiction.[75] For instance, when a state statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it."[76]

*Younger* abstention is appropriate in this case. Considering the first two factors above, Kimble makes clear that his state criminal proceedings are ongoing and the State is earnestly prosecuting the charges against him. Under the third factor, there is no doubt that Kimble has ample opportunity to challenge any alleged inappropriate behavior by prosecutor Truhe and/or his appointed counsel. Kimble does not indicate that he has sought any relief in the state trial or appellate courts related to the alleged violation of his attorney/client privilege or prejudice to his criminal proceedings. With opportunities for review available to him in the state court system, Kimble has alleged no reason for this court to intervene in the ongoing state criminal process to assure that Kimble's constitutional rights are protected.

Kimble's claims against Truhe for injunctive relief are barred by thus barred by the *Younger* doctrine and should be dismissed pursuant to 28 U.S.C. § 1915(e) and § 1915A as frivolous and otherwise for failure to state a claim for which relief can be granted. Based on this recommendations of dismissal of the claims against Truhe in her individual and official capacities, Truhe's motion to dismiss (ECF No. 19) should be dismissed as moot.

---

[74] *Trainor v. Hernandez*, 431 U.S. 434, 446 (1977); *DeSpain v. Johnston*, 731 F. 2d 1171, 1180 (5th Cir. 1984) (citing *Younger*, 401 U.S. at 49)).
[75] *Id*.
[76] *DeSpain*, 731 F. 2d at 1180 (quoting *Younger*, 401 U.S. at 49).

### 3.  Claims against the Public Defenders (Claims Two and Four)

Kimble also asserts claims of ineffective assistance of counsel and inadequate representation against his appointed public defender Daniel J. Schilling and the supervising public defender, Richard M. Thompson.  He alleges that Schilling inappropriately violated his attorney/client privilege and provided ineffective assistance of counsel when he allowed Assistant District Attorney Truhe to listen to, and/or shared with her, their private communications on a Zoom call held July 30, 2020.

As outlined above, to state a claim under § 1983, a plaintiff must allege that a defendant was acting under color of state law when his constitutional rights were violated.[77]  A defendant's actions must be "fairly attributable to the state" for there to be liability under § 1983.[78]  The law is clear, however, that attorneys--whether privately obtained or publicly appointed--are not state actors as a matter of law.[79]  Thus, neither Schilling nor Thompson are state actors that may be held liable under § 1983.

Kimble's § 1983 claims against the defendants Thompson and Schilling should be dismissed pursuant to 28 U.S.C. § 1915(e) and § 1915A as frivolous and otherwise for failure to state a claim for which relief can be granted.  In light of this recommendation, the Motion to Dismiss (ECF No. 35) filed by defendant Richard M. Thompson should be dismissed as moot.

---

[77] *Daniels v. Williams*, 474 U.S. 327 (1986); *James v. Texas Collin County*, 535 F. 3d 365, 373 (5th Cir. 2008); *Calhoun v. Hargrove*, 312 F. 3d 730, 734 (5th Cir. 2002).

[78] *West*, 487 U.S. at 49; *Johnson ex rel. Wilson v. Dowd*, 305 F. App'x 221, 2008 WL 5212795, at *2 (5th Cir. 2008); *Cornish v. Correctional Servs. Corp.*, 402 F. 3d 545, 549 (5th Cir. 2005).

[79] *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Small v. Dallas County*, 170 F. App'x 943, 2006 WL 925500, at *1 (5th Cir. 2006) (citing *Hudson v. Hughes*, 98 F. 3d 868, 873 (5th Cir. 1996), and *Mills v. Criminal Dist. Ct. No. 3*, 837 F. 2d 677, 679 (5th Cir. 1988)).

### 4.    Claims Against Jefferson Parish (Claims One, Three, and Four)

The last of Kimble's speedy trial violation, ineffective assistance of counsel, and excessive bail claims are asserted against Jefferson Parish.  As with the claims against Truhe in her official capacity, Kimble must allege and identify a specific Parish policy that caused the deprivation of his constitutional rights.[80]  As discussed above, Kimble has not alleged or identified any Jefferson Parish policy that has led to his arrest or detention or that is involved in his state criminal process.

His claims against the Parish appear based on the mere fact that he was arrested and detained in that Parish.  To the extent he intends to intertwine these claims against Jefferson Parish with those already pending in the MDLA case against certain Jefferson Parish detectives, the duplicative claims would be malicious for the reasons previously set forth herein.

For these reasons, Kimble's claims against Jefferson Parish related to excessive bail, denial of speedy trial rights, and ineffective assistance of counsel are frivolous and otherwise fail to state a claim for which relief can be granted.  Therefore, these claims should be dismissed pursuant to 28 U.S.C. § 1915 and § 1915A.

### 5.    Summary of Disposition of Claims One through Four

The *Heck* doctrine notwithstanding, Kimble has not stated a non-frivolous claim under § 1983 for speedy trial violations, excessive bail, or ineffective assistance of counsel (Claims One, Two, Three, and Four) against defendants Jefferson Parish, Thompson, Schilling, or Truhe.  The claims against these defendants should be dismissed pursuant to 28 U.S.C. § 1915 and § 1915A as frivolous, for failure to state a claim for which relief can be granted, and as to Truhe, as brought against an immune defendant.  There are no non-frivolous claims to be stayed or that would require

---

[80] *Monell,* 436 U.S. at 691.

application of *Heck* or *Wallace*.  Instead, the claims of denial of speedy trial, excessive bail, and ineffective assistance of counsel brought against Jefferson Parish, Thompson, Schilling and Truhe should be dismissed for the stated reasons.

Based on these findings and recommendations, the motions to dismiss (ECF Nos. 19 and 35) filed by defendants Thompson and Truhe should be dismissed as moot as no claims remain against them following this frivolousness review.  Defendant Jefferson Parish has also filed a motion to dismiss which in part addresses some of the claims I recommend be dismissed against it.  ECF No. 96.  However, that motion extensively addresses other claims that are not addressed in this frivolousness review.  A recommendation regarding disposition of Jefferson Parish's motion to dismiss will be addressed in a subsequent report and recommendation in due course and after Kimble has had an opportunity to file an opposition.  *See* ECF No. 103 (ordering granting Kimble through November 17, 2021 to file an opposition).

D.    **Kimble's Motion to Stay**

Based on the recommended dismissal of the related claims against the named defendants, Kimble's Motion to Stay (ECF No. 56) his claims of false arrest, false imprisonment, malicious prosecution, denial of speedy trial rights, excessive bail, and ineffective assistance of counsel (claims one, two, three, four, and part of ten) should be denied.  Kimble is not entitled to a stay under *Wallace* because his claims are being dismissed and he can pursue his duplicative/malicious in the MDLA case.  Alternatively, the motion for stay should be dismissed as moot in light of the recommended dismissals in this report.

### E.  **Summary of Recommendations**

For the foregoing reasons, I recommend that the following claims in this case be dismissed as frivolous or malicious, for failure to state a claim for which relief can be granted, or for being asserted against an immune defendant, pursuant to 28 U.S.C. § 1915 and § 1915A, that the specified motions to dismiss be denied as moot, and that Kimble's motion to stay be denied:

(1)     Kimble's § 1983 claims of false arrest, false imprisonment, and malicious prosecution against defendants Forbes, Alford, Blondeau, Lea, DeRoche, Parent, Jefferson Parish, the Baton Rouge Police Department, the East Baton Rouge Parish Sheriff's Office, and the Parish of East Baton Rouge and Kimble's claims sexual assault and retaliation against defendants Hayes, Thompson, Monfra, Lopinto, and the Jefferson Parish Sheriff's Office should be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e) and § 1915A as malicious for being duplicitous of matters pending in the Middle District;

(2)     Kimble's § 1983 claims of speedy trial violations, excessive bail, and ineffective assistance of counsel (Claims One, Two, Three, and Four) against defendants Jefferson Parish, Thompson, Schilling, and Truhe should be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e) and § 1915A as frivolous, for failure to state a claim for which relief can be granted, and/or as to Truhe, for being brought against an immune defendant;

(3)     the Baton Rouge defendants' motion to dismiss (ECF No. 67) should be denied as moot;

(4)     defendant Truhe's motion to dismiss (ECF No. 19) should be denied as moot;

(5)     defendant Thompson's motion to dismiss (ECF No. 35) should be denied as moot; and

(6)     Kimble's Motion to Stay (ECF No. 56) should be denied.

Should the Court adopt the foregoing recommendations, Kimble's other claims, listed here, against the defendants will remain referred to the undersigned Magistrate Judge for further proceedings consistent with the automatic referral under Local Rule 73.2(A):

(1)    Claim Five challenging the conditions of confinement at the Jefferson Parish Correctional Center asserted against defendants Jefferson Parish, Sheriff Lopinto, Chief Monfra, and Captain Bordelon;

(2)    Claims Six only as to the claims of inadequate medical care asserted against Jefferson Parish, Chief Monfra, Sheriff Lopinto, CorrectHealth, and the two Jane Doe medical administrators;

(3)    Claim Seven asserting deliberate indifference to Kimble's safety against Jefferson Parish, Chief Monfra, Sergeant C. Sibbernagel, and Major Edward Olsen;

(4)    Claim Eight asserting discrimination against homosexual inmates against Jefferson Parish, Sergeant Anna Druhet, Captain B. Bordelon, Chief Monfra, and Sheriff Lopinto;

(5)    Claim Nine challenging the conditions of confinement and inadequate medical care for a leg injury at the Jefferson Parish Correctional Center against Jefferson Parish, Chief Monfra, Sheriff Lopinto, CorrectHealth, Sergeant C. Buckelew, Lieutenant T. Berrian, Captain Bordelon, Specialist J. Denny, unidentified administrator and doctor for CorrectHealth, Deputy Tropez, and Deputy Vicky; and

(6)    Claim Ten only as to the claims of denial of access to the courts and inadequate law library asserted against Jefferson Parish, Sheriff Lopinto, Chief Monfra, and the law library administrator.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that Raymond Kimble's 42 U.S.C. § 1983 claims of false arrest, false imprisonment, and malicious prosecution (Claim Ten, in part) against defendants Detectives Danny Forbes, Adam Alford, Michael Blondeau, Adam Lea, David DeRoche, and Darren Parent, Jefferson Parish, the Baton Rouge Police Department, the East Baton Rouge Parish Sheriff's Office, and East Baton Rouge Parish, and Kimble's § 1983 claims sexual assault and retaliation (Claim Six, in part) against defendants Deputy Sean Hayes, Deputy Sean Thompson, Chief Sue Ellen Monfra, Sheriff Joseph P. Lopinto, III, and the Jefferson Parish Sheriff's Office

should be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e) and § 1915A as malicious.

It is further **RECOMMENDED** that Kimble's § 1983 claims of speedy trial violations, excessive bail, and ineffective assistance of counsel (Claims One, Two, Three, and Four) against defendants Jefferson Parish, Public Defender Richard M. Thompson, Public Defender Daniel J. Schilling, and Assistant District Attorney Lindsay Truhe should be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e) and § 1915A as frivolous, for failure to state a claim for which relief can be granted, and/or for being brought against an immune defendant.

It is further **RECOMMENDED** that the Motion to Dismiss (ECF No. 67) filed by defendants East Baton Rouge Parish, Baton Rouge Police Department, Detectives Adam Lea, Danny Forbes, and Michael Blondeau, and former Detective Adam Alford should be **DENIED AS MOOT**.

It is further **RECOMMENDED** that the Motion to Dismiss (ECF No. 19) filed by defendant Assistant District Attorney Lindsay Truhe be **DENIED AS MOOT**.

It is further **RECOMMENDED** that the Motion to Dismiss (ECF No. 35) filed by defendant Richard M. Thompson should be **DENIED AS MOOT**.

It is further **RECOMMENDED** that the Motion to Stay (ECF No. 56) filed by Raymond Kimble be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[81]

New Orleans, Louisiana, this ___3rd___ day of November, 2021.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[81]*Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).