UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RAYMOND HAROLD KIMBLE, III | CIVIL ACTION |
| VERSUS | NO. 21-409 |
| PARISH OF JEFFERSON, ET AL. | SECTION "A" (2) |

### REPORT AND RECOMMENDATION

In connection with his Motion to Amend Complaint (ECF No. 99), Plaintiff Raymond Harold Kimble, III, filed a Motion for Temporary Restraining Order ("TRO") (ECF No. 100) to address staffing policies and COVID-19 protocols at the Jefferson Parish Correctional Center ("JPCC"). The motion and the underlying civil action were referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A, and as applicable, 42 U.S.C. § 1997e(c)(1) and(2).[1]  Upon review of the record, the Court has determined that the motion can be disposed of without an evidentiary hearing.

**I.     BACKGROUND**

Kimble filed his original complaint under 42 U.S.C. § 1983 against dozens of defendants asserting numerous constitutional violations at the Jefferson Parish Correctional Center ("JPCC") related to alleged inadequate medical care, sexual assault and retaliation, bias against homosexual

---

[1] 28 U.S.C. § 636(b)(1)(A) (authorizing a district judge to designate a magistrate judge to hear and determine any pretrial matter, "except a motion for injunctive relief."); 28 U.S.C. § 636(b)(1)(B) (authorizing a magistrate judge to issue a Report and Recommendation on injunction matters); EDLA L.R. 73.1, 73.4; *Ritter v. Cook*, 45 F. App'x 325, 2002 WL 1899582, at *2 (5th Cir. Jul. 8, 2002) (citing *Withrow v. Roell*, 288 F.3d 199, 204-05 (5th Cir. 2002) (holding that magistrate judge must secure consent of all parties before acting pursuant to 28 U.S.C. § 636(c))).

inmates, and an inadequate law library.  ECF No. 1.  He also asserted claims challenging his arrests, detention, and pending state criminal proceedings in Baton Rouge and Jefferson Parish.[2]  *Id*.  Kimble filed a Motion to Amend (ECF No. 99) seeking to amend his complaint to include claims against defendants Jefferson Parish, Sheriff Joseph P. Lopinto, III, and Chief Sue Ellen Monfra alleging that the JPCC administration allowed insufficient staffing of deputies at the jail and lacks proper COVID-19 protocols in the jail, both of which potentially endanger the inmates.  Kimble contemporaneously filed this motion for a TRO for immediate injunctive relief to compel the defendants to alter their current staffing practices and COVID-19 protocols.  ECF No. 100.

I recently issued an Order denying Kimble's motion to amend the complaint seeking to add these unrelated claims regarding staffing and COVID-19 protocols to this current proceeding.  For the following reasons, the motion for TRO should also be denied.

## II.   <u>LEGAL STANDARDS FOR INJUNCTIVE RELIEF</u>

An injunction under FED. R. CIV. P. 65(a) "is an extraordinary remedy that is issued only when a party does not have an adequate remedy at law."[3]  The granting of an injunction is the exception, not the rule.[4]  Under FED. R. CIV. PROC. 65, a preliminary injunction may issue "only on notice to the adverse party."  For a temporary restraining order to be issued under Rule 65 without notice to all parties, a plaintiff is required to present "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will

---

[2] I issued a Report and Recommendation recommending dismissal of a number of Kimble's claims based on my statutory frivolousness review under 28 U.S.C. § 1915, § 1915A and 42 U.S.C. § 1997e.  ECF No. 104.
[3] *Dennis Melancon, Inc. v. City of New Orleans*, 889 F. Supp. 2d 808, 815 (E.D. La. 2012).
[4] *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985).

result to [plaintiff] before the adverse party can be heard in opposition."[5]  The plaintiff also must certify "in writing any efforts made to give notice and the reasons why it should not be required."[6]

To be eligible for temporary or preliminary injunctive relief, the movant must demonstrate the following:

>   (1) a substantial likelihood of success on the merits;
>
>   (2) a substantial threat of irreparable injury;
>
>   (3) the threatened injury to the movant outweighs the threatened harm to the party sought to be enjoined; and
>
>   (4) granting the injunctive relief will not disserve the public interest.[7]

Injunctive relief is designed to prevent future violations, not to punish a defendant for alleged past behavior.[8]  For these reasons, "[s]peculative injury is not sufficient."[9]  Issuance of an injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion" as to each of the four factors.[10]  Courts may

---

[5] FED. R. CIV. PROC. 65(b)(1).
[6] *Id*.
[7] *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006); *United Motorcoach Assoc.'n, Inc. v. City of Austin*, 851 F.3d 489, 492-93 (5th Cir. 2017); *City of Dallas v. Delta Air Lines, Inc.*, 847 F.3d 279, 285 (5th Cir. 2017).  For temporary or preliminary injunctive relief, the plaintiff must show a likelihood of success on the merits, and for a permanent injunction, the plaintiff must normally show actual success on the merits.  *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 546 n.12 (1987); *VRC LLC v. City of Dallas*, 460 F.3d 607, 611 (5th Cir. 2006) (listing "success on the merits" as a prerequisite for obtaining a permanent injunction).
[8] *SEC v. Blatt*, 583 F.2d 1325, 1334 (5th Cir. 1978); *see also Armstrong v. Turner Indus., Inc.*, 141 F.3d 554, 563 (5th Cir. 1998) ("[t]o pursue an injunction . . . the [plaintiff] must allege a likelihood of future violations of their rights by [the defendants] not simply future effects from past violations.").
[9] *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985) ("Speculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant."); *Janvey v. Alguire*, 647 F.3d 585, 601 (5th Cir. 2011).
[10] *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989); *Morrow v. Harwell*, 768 F.2d 619, 627 (5th Cir. 1985) (injunctive relief in the form of "superintending federal injunctive decrees directing state officials" is an extraordinary remedy); *Miss. Power & Light Co.*, 760 F.2d at 621 (an injunction is the exception, not the rule.).

issue a preliminary injunction only when the movant "clearly carried the burden of persuasion on all four requirements."[11]

In the prison setting, requests for a preliminary injunction are "viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'"[12] "Except in extreme circumstances," the "federal courts are reluctant to interfere" with matters of prison administration and management of inmates.[13] In considering a prisoner's request for prospective relief, the reviewing court "shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system" caused by the relief and shall respect the certain principles of comity where state or local law is concerned.[14] "Additionally, in accordance with the Prison Litigation Reform Act ('PLRA'), preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the federal right, and be the least intrusive means necessary to correct the harm."[15] Thus, a prisoner may not obtain a preliminary injunction unless the court first finds that such relief is narrowly drawn, extends no further than necessary to correct the harm the court finds requires preliminary relief, and is the least intrusive means necessary to correct the harm.[16]

---

[11] *Planned Parenthood of Houston & Se. Tex. v. Sanchez*, 403 F.3d 324, 329 (5th Cir. 2005) (quoting *Karaha Bodas Co., LLC v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 363 (5th Cir. 2003)) (internal quotation marks omitted).
[12] *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)).
[13] *Young v. Wainwright*, 449 F.2d 338, 339 (5th Cir. 1971) (affirming denial of injunction for inmate to obtain release from administrative segregation).
[14] 18 U.S.C. §§ 3626(a)(1)(B), 3626(a)(2); *Nelson v. Campbell*, 541 U.S. 637, 650 (2004).
[15] *Hood v. Vessel*, No. 13-303, 2013 WL 12121562, at *1 (M.D. La. May 14, 2013) (citing 18 U.S.C. § 3626(a)).
[16] *See* 18 U.S.C. § 3626(a)(2).

**III.     DISCUSSION**

As an initial matter, the court has denied Kimble's motion to amend his complaint to include claims challenging staffing formulas and COVID-19 policies.  His request for injunctive relief is, therefore, wholly unrelated to the underlying claims for relief in this lawsuit and is effectively rendered moot by my denial of Kimble's related motion to amend.  Nevertheless, considering the relevant factors outlined above, Kimble cannot establish entitlement to injunctive relief.

Kimble has not alleged or established irreparable injury warranting injunctive relief.  A plaintiff has generally experienced irreparable harm "if the injury cannot be undone through monetary remedies."[17]  Kimble has presented no indication that he has suffered any injury, much less injury that cannot be monetarily compensated.  Stress, concern, and discomfort is not irreparable for purposes of awarding injunctive relief.[18]

Similarly, Kimble has not established a likelihood of success on the merits of his claims challenging staffing policies and COVID-19 protocols, claims not actually in this lawsuit.  During the COVID-19 pandemic, courts have remained mindful that "[a] detention facility's protocols for isolating individuals, controlling the movement of its staff and detainees, and providing medical care are part and parcel of the conditions in which the facility maintains custody over detainees."[19]  As the Fifth Circuit has explained, the Constitution does not require prison officials to adopt the CDC guidelines or implement those guidelines to satisfy their duty to provide for inmate safety

---

[17] *Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472-73 (5th Cir. 1985) (citation and internal quotes omitted).
[18] *Brennan's, Inc. v. Brennan*, 289 F. App'x 706, 707 (5th Cir. 2008).
[19] *Sacal-Micha v. Longoria*, 449 F. Supp.3d 656, 663 (S.D. Tex. 2020).

and care within prisons.[20]  Additionally, Kimble's vague and conclusory allegations that prison staffing is inadequate to provide him with protection do not suffice to state a federal claim or to establish a likelihood of success on the merits.[21]  Kimble simply does not allege (even in the proposed amendment, ECF No. 99) that any understaffing or COVID-19 policies placed him in harm's way, that he was made susceptible to a particular danger, or that prison officials have been made aware of and are deliberately indifferent to his need for additional protection.[22]  He presents no allegation of a past wrong related to him, much less a continuing harm or a real and immediate threat of repeated injury in the future that would warrant injunctive relief.  Kimble's concern for or fear of potential dangers is insufficient to support a § 1983 claim arising from the conditions of confinement.[23]  Without some physical injury, Kimble cannot establish a constitutional violation or a proper § 1983 claim that would entitle him to relief.[24]

For these reasons, Kimble has not met the burden necessary for the court to issue temporary injunctive relief under FED. R. CIV. PROC. 65.  He also has not provided grounds for this court to intervene in the normal operations of the jail, as required for injunctive relief under the PLRA.

---

[20] *Valentine v. Collier*, 978 F.3d 154, 164 (5th Cir. 2020).
[21] *Morrison v. Gusman*, No. 10-217, 2010 WL 724173, at *6 (E.D. La. Feb. 22, 2010); *Sweat v. Corrs. Corp. of America*, No. 08-0917, 2009 WL 774454, at *2 (W.D. La. Mar. 24, 2009).
[22] *See Warth v. Seldin*, 422 U.S. 490, 498-99 (1975) (Plaintiff must assert his own legal rights and interests and cannot rest his claim on the rights and interests of others).
[23] *See Hamby v. Warden, Estelle Unit*, No. 20-3428, 2020 WL 7081606, at *2 (S.D. Tex. Dec. 3, 2020) (citing *United States v. Koons*, 455 F. Supp.3d 285, 292 (W.D. La. 2020) ("General concerns about the spread of COVID-19 or the mere fear of contracting an illness in prison are insufficient grounds to establish the extraordinary and compelling reasons necessary to reduce a sentence."), and *Van Dyke v. La. Dept. of Corr.*, No. 20-0448, 2020 WL 1869016, at *2 (W.D. La. Apr. 13, 2020) (holding that generalized fears of COVID-19 do not establish a right to release, transfer, or any other form of redress)); *Boyce v. Harris County Jail*, No. 20-2971, 2020 WL 7024665, at *2 (S.D. Tex. Nov. 30, 2020) (same); *Sheppard v. Etiefer*, No. 20-343, 2020 WL 4495298 at *3 (E.D. Tex. Jul. 1, 2020) (same), *report and recommendation adopted by* 2020 WL 4464582, at *1 (E.D. Tex. Aug. 4, 2020).
[24] 42 U.S.C. § 1997e(e).

## IV.     RECOMMENDATION

It is therefore **RECOMMENDED** that Kimble's Motion for Temporary Restraining Order (ECF No. 100) be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[25]

New Orleans, Louisiana, this 20th day of December, 2021.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[25] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996). *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.