UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RAYMOND HAROLD KIMBLE, III | CIVIL ACTION |
| VERSUS | NO. 21-409 |
| PARISH OF JEFFERSON, ET AL. | SECTION "A" (2) |

### REPORT AND RECOMMENDATION

Plaintiff Raymond Harold Kimble, III, filed this *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against numerous defendants, including Victoria Parria and Shannon K. Young, Jr., challenging in part the conditions of his prior confinement at the Jefferson Parish Correctional Center. For the following reasons, Kimble's claims against defendants Parria and Young should be dismissed without prejudice.

### I. BACKGROUND

The court has issued several orders to plaintiff and counsel for defendants to obtain proper names and potential addresses in an ongoing effort to assist Kimble, a *pro se* prisoner, with attempting service on several defendants, including Parria and Young.[1] After obtaining full names and last known addresses from former employers and other defendants' counsel, the court ordered service on Parria and Young by the U.S. Marshals Service at the addresses provided.[2]

Despite these efforts, Parria and Young have not been served with summons and a copy of the original and amended complaints as required by FED. R. CIV. PROC. 4(m). Although the paperwork still has not been returned to the clerk of court, the U.S. Marshals Service has advised the court that service documents for Parria were returned unexecuted on November 16, 2022,

---

[1] ECF No. 172, 188, and 217.
[2] ECF No. 222.

marked as an incorrect address and for Young were returned unexecuted on November 19, 2022, because he no longer worked at the address given.

On March 7, 2023, I issued an order for Kimble to show cause why defendants Parria and Young should not be dismissed for plaintiff's failure to failure to serve summons and a copy of the original and/or supplemental and amended complaints within 90 days of filing as required under FED. R. CIV. PROC. 4(m).[3]  On May 4, 2023, Kimble responded to my order requesting that the court unseal the addresses for Parria and Young so that he may can investigate their whereabouts and attempt service of the summons.[4]

## II.    STANDARDS OF REVIEW

FED. R. CIV. P. 4(m) requires that a defendant be served within 90 days of the filing of the complaint, and if service is not made, the court *must* dismiss the action without prejudice or order service by a specific time.  The jurisprudence has come to expect strict compliance with the service rules within the 90-day period prescribed by Rule 4(m) and its predecessor, and only allows exception when good cause is shown.[5]  "'Good cause' under Rule 4(m) requires 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'"[6]  Further, "courts normally require 'some reasonable basis for noncompliance within the time specified . . .'"[7]  A plaintiff's "pro se status neither excuses his failure to effect service nor excuses him for lack of knowledge of the Rules of Civil Procedure."[8]  In addition, FED. R. CIV. P. 41(b) provides that a court may in its

---

[3] ECF No. 241.
[4] ECF No. 251.
[5] *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995) ("Thus, Rule 4(m) allows the tardy plaintiff to escape the harsh consequences of dismissal if he shows 'good cause' for this delay."); *Peters v. United States*, 9 F.3d 344 (5th Cir. 1993); *McGinnis v. Shalala*, 2 F.3d 548 (5th Cir. 1993); *Trania v. United States*, 911 F.2d 1155 (5th Cir. 1990).
[6] *Gartin v. Par Pharm. Companies, Inc.*, 289 F. App'x 688, 692 (5th Cir. 2008) (quoting *Lambert*, 44 F.3d at 299.
[7] *Id*.
[8] *Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013).

discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with the Federal Rules of Civil Procedure or any order of the court.[9]

### III. DISCUSSION

Kimble's response fails to provide good cause for his failure to serve or any better contact information to further attempt service on these defendants. Because the addresses provided by other defendants' counsel were represented to be private or residential addresses for these former public servants, the court rightly ordered the addresses, summonses, and service returns to be sealed in the record.[10] It would be fruitless for the court to unseal the addresses for Kimble to attempt to serve defendants from prison at the same last-known-addresses used by the U.S. Marshal's Service where service could not be executed.

Kimble's failure to serve these defendants has lingered, and delayed this case, as to Parria (originally "Nurse Vicky") since April 23, 2021,[11] and as to Young since January 7, 2022.[12] Kimble has had more than 90 days from filing of his complaints on February 14, 2021, January 6, 2022, and May 25, 2022, to serve these defendants.[13] It also has been more than 90 days since the court obtained the full names and last known addresses for Parria and Young on September 15 and 27, 2022, and the U.S. Marshal's service attempts at those addresses were unsuccessful.[14] Kimble obtained the proper names of these defendants through the court with assistance of other defendants' counsel. The latest addresses were located for Kimble by the court again with assistance of counsel, some whose clients had already been dismissed. Kimble has made no apparent effort to identify or locate these defendants on his own. The court, on the other hand,

---

[9] *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991).
[10] *Redding v. Essex Crane Rental Corp.*, 752 F.2d 1077, 1079 (5th Cir. 1985) ("The district court acted properly to vindicate its control of its docket and to protect named defendants in cases brought in the federal court.")
[11] ECF No. 7.
[12] ECF No. 120.
[13] ECF Nos.1, 119, and 169.
[14] ECF Nos. 217, 220, 221, and 222.

has utilized all reasonable avenues and efforts to assist Kimble in serving these defendants, albeit to no avail.

For these reasons, Kimble has provided no good cause for the court to allow further service attempts on these defendants or any basis for the court to consider any alternative to dismissal of his claims against these defendants. Thus, dismissal without prejudice of Kimble's claims against defendants Parria and Young is proper under both Rule 4(m) and Rule 41(b) for his failure to serve summons and prosecute this case against these defendants.[15]

## RECOMMENDATION

It is **RECOMMENDED** that plaintiff Raymond Harold Kimble, III's 42 U.S.C. § 1983 claims against defendants Victoria Parria and Shannon K. Young, Jr., be **DISMISSED WITHOUT PREJUDICE** pursuant to FED. R. CIV. P. 4(m) and FED. R. CIV. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[16]

New Orleans, Louisiana, this  5th  day of July, 2023.



DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[15] Remaining before the court are
[16] *Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).