UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RAYMOND HAROLD KIMBLE, III                                CIVIL ACTION

VERSUS                                                                          NO: 21-409

STATE OF LOUISIANA, ET AL.                                SECTION: "A" (2)

**ORDER AND REASONS**

The following matters are before the Court: **Rule 72 Objection to Magistrate's Report and Recommendation (#242) on Defendant's Motion for Summary Judgment (Rec. Doc. 243)** and **Motion for Summary Judgment (Rec. Doc. 233)** filed by defendant, the Parish of Jefferson; **Response to Objection (Rec. Doc. 256)** filed by the plaintiff, Raymond Harold Kimble. All are before the Court on the briefs without oral argument.

Kimble was a pretrial detainee housed in the Jefferson Parish Correctional Center ("JPCC") when he filed this pro se and in forma pauperis complaint under 42 U.S.C. § 1983 alleging various constitutional violations arising from his arrest and incarceration. During the more than two years that the case has been pending, the magistrate judge has issued numerous recommendations, all of which this Court has adopted, resulting in the dismissal of numerous claims and defendants. At issue today is a portion of Kimble's tenth claim, in which he asserts that defendants Jefferson Parish, the Jefferson Parish Sheriff's Office, Jefferson Parish Sheriff Joseph Lopinto, Chief Sue Ellen Mofra, and an unidentified JPCC law library administrator, maintained a policy or custom of denying access to an adequate law library at JPCC in violation of federal law, *Lewis v. Casey*, 518 U.S. 343 (1996). Specifically, Kimble complains that

1

the law library personnel at the JPCC would not assist him with civil matters because, they explained, the library was available to assist only with criminal matters. Kimble claims that the failure to assist him caused him to miss Louisiana's one-year prescriptive period for filing a civil lawsuit for false arrest and false imprisonment against the arresting officers and the agencies they represent. The events alleged to give rise to those claims occurred between April 15, 2016 and August 8, 2016. This portion of Kimble's tenth claim is the last remaining claim against Jefferson Parish, all others having been previously dismissed.

Jefferson Parish moved for summary judgment on the sole remaining claim against it, and the case being subject to referral pursuant to Local Rule 73.2(A), the magistrate judge issued a Report and Recommendation for this Court's consideration. Even though Jefferson Parish had posited several theories for why it was entitled to judgment as a matter of law, and even though Kimble had filed no opposition to the motion for summary judgment, the magistrate judge recommended that Jefferson Parish's motion be denied.[1] Jefferson Parish properly filed its Objection to the Report and Recommendation, which means that the motion for summary judgment is now before this Court for de novo consideration.[2]

---

[1] The magistrate judge correctly noted that it would be improper to grant a motion for summary judgment based solely on the absence of an opposition without considering the merits of the motion itself. (Rec. Doc. 242, R&R at 5-6 n.23).

[2] Federal Rule of Civil Procedure 72(b) governs a magistrate judge's recommendation for a motion dispositive of a claim or defense in a non-consent case. The Rule provides that a proper objection subjects the recommendation to de novo review by the presiding district judge. Fed. R. Civ. Pro. 72(b)(3). After conducting a de novo review, the district court may accept, reject, or modify, in whole or in part, the findings or recommendations of the magistrate judge. *Dexon Computer, Inc. v. Cisco Sys., Inc.*, No. 522CV00053RWSJBB, 2023 WL 2730656, at *3 (E.D. Tex. Mar. 31, 2023) (citing 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. Pro. 72(b)(3)). The Rule does not impose a requirement that the district court support

The motion for summary judgment was primarily grounded in two contentions. First, that the 2016 arrests were supported by probable cause and therefore were not "wrongful," and second that Kimble could not satisfy the actual injury requirement required for an access to courts violation because he was already incarcerated on unrelated charges when the 2016 charges were processed. But Jefferson Parish also disputed whether as a matter of law a prisoner's right to access of the courts even encompassed a claim like Kimble's.[3]

As to this latter issue, the magistrate judge outlined the holding of *Lewis v. Casey, supra*, which expounded upon *Bounds v. Smith*, 430 U.S. 817 (1977), and analyzed Kimble's claim against the legal framework provided by both decisions. The magistrate judge concluded that Kimble's factual allegations placed him squarely within a *Lewis* claim. The Court, while giving no deference to the magistrate judge's determination, agrees with that conclusion.

The Court also agrees, following de novo review, with the magistrate judge's treatment of the Parish's two primary contentions in support of summary judgment. The magistrate judge explained why Kimble's incarceration on other charges did not render

---

its de novo review with specific findings or extensive written reasons so long as the record is clear that the proper standard of review was employed.

[3] *Monell v. Department of Social Services*, 436 U.S. 658 (1978), is not mentioned in the Parish's motion for summary judgment. The magistrate judge pointed out that the Parish had not addressed *Monell* liability in its motion or challenged Kimble's assertion that his inadequate library claim against the Parish was properly pursued under *Monell*. (Rec. Doc. 242, R&R at 9-10). The magistrate judge therefore assumed for purposes of the motion for summary judgment that the policy of limiting library access and legal assistance to criminal matters only was an official policy, custom, or practice attributable to Jefferson Parish. (*Id.* at 10). In its Objection, the Parish, for the first time, alluded to the plaintiff's failure to demonstrate that Jefferson Parish was the policy-maker for the JPCC library. (Rec. Doc. 243-1, Memorandum in Support at 9-10). But the Parish does not identify who the correct policy-maker (and there must be one) should be for the JPCC library.

his underlying false arrest claims frivolous for lack of an actual injury, and why the Parish's focus on the facial validity of the 2016 arrest warrants was misplaced.

In sum, the Parish did not meet its initial burden under Rule 56 in support of its motion for judgment as a matter of law, and the motion should be denied.[4]

Accordingly;

**IT IS ORDERED** that the **Rule 72 Objection to Magistrate's Report and Recommendation (#242) on Defendant's Motion for Summary Judgment (Rec. Doc. 243)** and **Motion for Summary Judgment (Rec. Doc. 233)** filed by defendant, Parish of Jefferson, are **DENIED**.

**IT IS FURTHER ORDERED** that the **Response to Objection (Rec. Doc. 256)** filed by the plaintiff, Raymond Harold Kimble, is **MOOT**.

July 24, 2023

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[4] That's not to say that Jefferson Parish has not made some convincing arguments. For instance, the Parish disputes causation, arguing essentially how implausible it is to suggest that a prolific filer like Kimble missed the prescriptive deadline for his civil claims based on anything attributable to the JPCC library and its staff. The argument is convincing but the Court is not persuaded that it can be credited on summary judgment.